1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10     RUSTY LEE ROUSE,

11                       Plaintiff,

       v.

12

13     KEVIN HANSEN, *et al.*,

                     Defendants.

14

CASE NO. 3:24-cv-05068-TL-GJL

ORDER DECLINING TO APPOINT COUNSEL

15        The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

16 Judge Grady J. Leupold. Currently pending in this action is Plaintiff Rusty Lee Rouse's Motion

17 to Appoint Counsel. Dkt. 7.

18        No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v.*

19 *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*,

20 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary,

21 not mandatory."). In "exceptional circumstances," a district court may appoint counsel for

22 indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113F.3d 1520, 1525

23 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

24

ORDER DECLINING TO APPOINT COUNSEL - 1

1    To decide whether exceptional circumstances exist, the Court must evaluate (1) "the

2  likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims

3  *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d

4  1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Thus,

5  to obtain court-appointed counsel, a plaintiff must plead facts showing (1) he has an insufficient

6  grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual

7  basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.

8  2004).

9    Plaintiff has not shown the exceptional circumstances necessary for court-appointed

10  counsel at this time. The instant Motion was filed on March 7, 2024, (Dkt. 7), and his Second

11  Amended Complaint (Dkt. 8) was filed four days later on March 11, 2024. Plaintiff's amended

12  pleadings still require screening, and service has not yet been ordered on Defendants. As such, it

13  is premature to determine Plaintiff's likelihood of success on the merits in this action. Moreover,

14  Plaintiff's requests and legal arguments thus far have been clear and understandable. As a result,

15  Court finds this case is not so complicated—nor is Plaintiff's ability to articulate his claims so

16  lacking—as to warrant appointment of counsel at this stage.

17    Therefore, the Court finds Plaintiff has not shown the exceptional circumstances required

18  for court-appointed counsel and his Motion (Dkt. 7) is **DENIED without prejudice**.

19    Dated this 19th day of March, 2024.

20

21

22    Grady J. Leupold
      United States Magistrate Judge

23

24

ORDER DECLINING TO APPOINT COUNSEL - 2