UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSTY LEE ROUSE,

              Plaintiff,

   v.

KEVIN HANSEN, *et al.*,

              Defendants.

CASE NO. 3:24-cv-05068-TL-GJL

ORDER DENYING SECOND MOTION TO APPOINT COUNSEL

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending in this action is Plaintiff Rusty Lee Rouse's Second Motion to Appoint Counsel. Dkt. 11. Plaintiff has not demonstrated circumstances necessary for appointment of counsel at this stage of his case, so his Motion is **DENIED without prejudice**.

### I.    LEGAL STANDARD

      No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland,* 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Thus, to obtain court-appointed counsel, a plaintiff must plead facts showing (1) he has an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

## II.   DISCUSSION

Plaintiff makes several arguments for why he requires the assistance of court-appointed counsel. Each argument is unavailing.

First, Plaintiff argues he requires counsel because his limited access to the law library at Washington Corrections Center and the allegedly inadequate resources within that library prevent him from effectively litigating this case. Dkt. 11 at 1–2. However, Plaintiff's allegation that he is unable to access legal research materials is undermined by the volume of legal citations in the instant Motion. *Id.* at 3. Plaintiff supports each of his arguments with caselaw and a well-reasoned explanation of why he believes the legal authority is applicable to his situation. *Id.* Therefore, the Court finds Plaintiff has not plausibly demonstrated he is unable to perform necessary legal research to prosecute this case. At most, Plaintiff has shown he is unable to obtain contact information for a *pro bono* attorney or access the specific legal handbook he desires—these are not adequate justifications for court-appointed counsel.

Second, Plaintiff argues he does not understand legal rhetoric and has a limited education, so he is unable to grasp the legal and factual issues involved in this case. Dkt. 11 at 1–3. The Court disagrees. As explained in the Court's Report and Recommendation, Plaintiff's Second Amended Complaint includes well-pled claims adequate for service. Dkt. 10 at 3–4. And, as previously stated, "Plaintiff's requests and legal arguments thus far have been clear and understandable," which demonstrate his ability to prosecute this case is not so lacking as to require the appointment of counsel. Dkt. 9 at 2.

Plaintiff's final two arguments are premature. He argues court-appointed counsel is necessary because his case involves the complicated legal issue of supervisory liability and because he has requested a trial by jury. Dkt. 11 at 3. Plaintiff is correct that complex legal issues and jury trials may warrant the appointment of counsel in some instances. However, this case is still at the very early stages of litigation, so it would be premature to address the propriety of court-appointed counsel on these grounds.

In sum, the Court finds this case is not so complicated—nor is Plaintiff's ability to articulate his claims so lacking—as to warrant appointment of counsel at this stage.

### III.   CONCLUSION

For the above reasons, the Court finds Plaintiff has not shown the exceptional circumstances required for court-appointed counsel and his Second Motion to Appoint Counsel (Dkt. 11) is **DENIED without prejudice**.

Dated this 26th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge