# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RUSTY LEE ROUSE,<br><br>               Plaintiff,<br>v.<br><br>MASON COUNTY JAIL, et al.,<br><br>               Defendants. | CASE NO. 3:24-cv-05068-TL-GJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Grady J. Leupold. Dkt. No. 10. Having reviewed the Report and Recommendation as well as the remaining record and having received no objections from Petitioner, the Court ADOPTS the Report and Recommendation.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Objections to the Report and Recommendation were due on April 8, 2024. *See* Dkt. No. 10 at 15; *see also* 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). On the same day the Report and Recommendation was filed, Petitioner filed a motion to appoint counsel. Dkt. No. 11. Judge Leupold denied the motion. Dkt. No. 12. Petitioner did not file any objections to the Report and Recommendation by the deadline. Rather, Petitioner filed a second motion to appoint counsel on April 12, 2024 (Dkt. No. 13), four days after the deadline for filing objections.[1] Even if the Court were to consider Petitioner's second motion for appointment of counsel an untimely "objection," untimely objections can be deemed waived. *See, e.g.*, *Norling v. Uttecht*, No. 19-5697, 2020 WL 42418, at *1 (W.D. Wash. Jan. 3, 2020) (petitioner waived his right to object to the report and recommendation because he filed objections nearly a month after the 14-day deadline expired); *Hausken v. Lewis*, No. 12-5882, 2014 WL 1912058, at *2 (W.D. Wash. May 12, 2014) (plaintiff waived his objections because he filed them approximately six weeks after the 14-day deadline expired). Further, a party filing an untimely objection is not entitled to de novo review. Fed. R. Civ. P. 72(b)(3) (stating a district judge "must determine de

---

[1] Petitioner dated the second motion for appointment of counsel April 9, 2024 (which was still after the deadline for filing any objections). Petitioner mailed the motion to the Court even though Petitioner is participating in the Prisoner E-Filing Initiative, which is mandatory for all prisoner litigants incarcerated at the Washington Corrections Center-Shelton. *See* Notice to Filer re Non-compliance with Prisoner E-filing Initiative (Apr. 12, 2024). The Clerk of the Court received and filed the motion on April 12, 2024.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

novo any part of the magistrate judge's disposition that has been properly objected to") (emphasis added).

The Court finds the Report and Recommendation to be thorough and well-reasoned.

Therefore, the Court hereby ORDERS:

1. The Court ADOPTS the Report and Recommendation.

2. Plaintiff's medical privacy claims in Count II of the Second Amended Complaint are DISMISSED without prejudice for failure to state a claim.

3. Plaintiff's religious accommodation claims in Counts III and IV are DISMISSED without prejudice to be refiled in a separate action.

4. All Plaintiff's claims against Defendants David Guidry and Summit Foods are DISMISSED without prejudice for failure to state a claim.

5. Plaintiff's request for injunctive relief is now moot and is therefore DISMISSED without prejudice.

6. The Magistrate Judge SHALL direct service of Count I of the Second Amended Complaint upon Defendants Kevin Hansen, Randy Newell, Bree Borden, Julia Rice, and Mason County.

7. The Clerk is DIRECTED to send copies of this Order to Plaintiff and to the Hon. Grady J. Leupold.

Dated this 15th day of April 2024.

Tana Lin
United States District Judge