UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSTY LEE ROUSE,

          Plaintiff,

   v.

KEVIN HANSEN, *et al.*,

          Defendants.

CASE NO. 3:24-cv-05068-TL-GJL

ORDER DENYING THIRD MOTION TO APPOINT COUNSEL

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending in this action is Plaintiff Rusty Lee Rouse's Third Motion to Appoint Counsel. Dkt. 13. Because Plaintiff has not demonstrated circumstances necessary for appointment of counsel at this stage of his case, his Motion is **DENIED without prejudice**.

      No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint voluntary counsel

ORDER DENYING THIRD MOTION TO APPOINT COUNSEL - 1

for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Thus, to obtain court-appointed counsel, a plaintiff must plead facts showing (1) he has an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Rather than raising new arguments for the appointment of counsel, Plaintiff repeats the same previously raised arguments that (1) his lack of legal education prevents him from effectively litigating this case *pro se* and (2) he is unable to afford an attorney or find an attorney willing to represent him on a pro bono basis. Dkt. 13; *see also* Dkts. 7, 11. As before, these arguments are unavailing. *See* Dkts. 9, 12. The Court finds this case is not so complicated—nor is Plaintiff's ability to articulate his claims so lacking—as to warrant appointment of counsel at this early stage. Accordingly, the Court finds Plaintiff has not shown the circumstances required for court-appointed counsel and his Third Motion to Appoint Counsel (Dkt. 13) is **DENIED without prejudice**.

Dated this 17th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge