UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSTY LEE ROUSE,

               Plaintiff,

  v.

KEVIN HANSEN, *et al*.,

               Defendants.

CASE NO. 3:24-cv-05068-TL-GJL

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *In Forma Pauperis*. Having reviewed Plaintiff's Second Amended Complaint (Dkt. 8) and dismissed deficient claims inappropriate for service (Dkts. 10, 14), the Court hereby **ORDERS** as follows:

    (1)    <u>Service by Clerk</u>

The Clerk is directed to send the following to Defendants Kevin Hansen, Randy Newell, Bree Borden, and Julia Rice[1] by first class mail: a copy of Plaintiff's Second Amended Complaint, a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

---

[1] Although David Guidry and Summit Foods are also named as defendants in the Second Amended Complaint, the Court dismissed all claims alleged against them without prejudice. Dkts. 10, 14.

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 1

Defendants receiving notice via first class mail shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the Second Amended Complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. These defendants are also directed to review the Court's April 15, 2024 Order (Dkt. 14) and the March 25, 2024 Report and Recommendation (Dkt. 10) before preparing their responsive pleadings or Rule 12 motion.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

(2)  <u>Service by United States Marshal</u>

The United States Marshal shall personally serve Defendant Mason County by delivering copies of the summons and complaint, and copies of this Order, to the Chief Executive of Mason County in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure. The Clerk shall issue summons and assemble the necessary documents to affect this personal service.

Within **twenty-one (21) days** after personal service, Defendant Mason County shall file and serve an answer or a motion directed to the Second Amended Complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure. Defendant Mason County is directed to review the Court's April 15, 2024 Order (Dkt. 14) and the March 25, 2024 Report and Recommendation (Dkt. 10) before preparing its responsive pleadings or Rule 12 motion.

(3)  <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be available upon request of Chambers. If requested, the chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(4)   Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 3

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party (i.e., a *pro se* litigant and/or prisoner) files a paper original, that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(5)     Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* and *Wyatt* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 4

judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies).

Defendants who fail to file and serve the required *Rand* and *Wyatt* notices on Plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7) The Clerk is directed to send copies of this Order and the Court's *pro se* instruction sheet to Plaintiff. The Clerk is further directed send a copy of this Order and a courtesy copy of Plaintiff's Complaint to the Mason County Prosecutor's Office, by first-class mail.

Dated this 17th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 5