UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSTY LEE ROUSE,<br><br>                      Plaintiff,<br>    v.<br><br>KEVIN HANSEN, *et al*.,<br><br>                      Defendants. | CASE NO. 3:24-cv-05068-TL-GJL<br><br>ORDER DENYING MOTION TO COMPEL DISCOVERY |

      The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. On April 23, 2024, Plaintiff filed a document docketed as a "Motion to Compel Discovery." Dkt. 18. Upon review, the Court concludes Plaintiff is not attempting to compel discovery, but rather he is attempting to serve discovery requests on Defendants.

      Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request …to produce[.]" *See also* Local Civil Rule ("LCR") 5 ("[D]iscovery requests and responses must not be filed until they are used in the proceedings or the court orders filing."). To properly serve his discovery requests, Plaintiff must mail his discovery requests to Defense

Counsel. In addition, Plaintiff is advised that his discovery request is premature, as the Court has not yet issued a scheduling order outlining the timeline for discovery.

Plaintiff is further advised that, before he may seek a court order compelling Defendants to provide discovery responses, he must comply with the certification requirements outlined in the Federal Rules of Civil Procedure and expounded by this Court's Local Rules.

Rule 37(a)(1) of the Federal Rules of Civil Procedure states:

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion **must include a certification** that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The Court's Local Rules provides that if the moving party does not include a certification of a good faith effort to meet and confer, "the court may deny [a motion to compel] without addressing the merits of the dispute." *See* Local Rules W.D. Wash. LCR 37(1). The Local Rules further explain that the meet and-confer requirement entails "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." LCR 1(c)(6). The certification requirement outlined in these rules is designed to encourage resolution of discovery disputes informally and without court intervention., as discovery motions are strongly disfavored by the Court.

Accordingly, Plaintiff's Motion to Compel Discovery (Dkt. 18) is **DENIED without prejudice**.

Dated this 9th day of May, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL
DISCOVERY - 2