UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSTY LEE ROUSE,

            Plaintiff,

   v.

KEVIN HANSEN, *et al.*,

            Defendants.

CASE NO. 3:24-cv-05068-TL-GJL

ORDER DENYING FOURTH MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending in this action is Plaintiff Rusty Lee Rouse's Fourth Motion to Appoint Counsel. Dkt. 25. Because Plaintiff has not demonstrated circumstances necessary for appointment of counsel at this stage of his case, his Motion is **DENIED without prejudice**.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint voluntary counsel

1  for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113F.3d 1520,
2  1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).
3        To decide whether exceptional circumstances exist, the Court must evaluate (1) "the
4  likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims
5  *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d
6  1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Thus,
7  to obtain court-appointed counsel, a plaintiff must plead facts showing (1) he has an insufficient
8  grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual
9  basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.
10 2004).
11       Rather than raising new arguments for the appointment of voluntary counsel, Plaintiff
12 repeats the same previously raised arguments that (1) he is unable to afford an attorney or find an
13 attorney willing to represent him on a pro bono basis and (2) his lack of legal experience and
14 education prevent him from effectively litigating this case *pro se*. Dkt. 25; *see also* Dkts. 7, 11,
15 13. Plaintiff adds to this second argument by stating he recently attempted to send interrogatories
16 to Defendants but received an electronic undeliverable notice and is now "at a loss" as to how he
17 should proceed. Dkt. 25 at 2.
18       To ensure Plaintiff can send legal correspondence without disruption, Defense Counsel is
19 **DIRECTED** to provide Plaintiff with all addresses necessary for corresponding via traditional
20 and electronic mail within seven days of the date of this Order. Nevertheless, Plaintiff is again
21 **ADVISED** that any requests for discovery or interrogatories are too early as the Court has not
22 yet issued a scheduling order establishing a timeline for discovery and other matters in this case.
23 *See* Dkt. 24 at 2 (advising Plaintiff of the same).
24

ORDER DENYING FOURTH MOTION TO APPOINT COUNSEL - 2

Having addressed this concern, Plaintiff's arguments for court-appointed counsel are unavailing. As before, the Court finds this case is not so complicated—nor is Plaintiff's ability to articulate his claims so lacking—as to warrant appointment of counsel at this early stage. *See* Dkts. 9, 12, 15. Accordingly, the Court finds Plaintiff has not shown the circumstances required for court-appointed counsel at this time and his Fourth Motion to Appoint Counsel (Dkt. 25) is **DENIED without prejudice**.

Dated this 20th day of May, 2024.

Grady J. Leupold
United States Magistrate Judge