UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSTY LEE ROUSE,

                Plaintiff,

v.

KEVIN HANSEN, *et al.*,

                Defendants.

CASE NO. 3:24-cv-05068-TL-GJL

REPORT AND RECOMMENDATION

Noting Date: **July 11, 2024**

        The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. Currently before the Court is a Motion to Dismiss the Second Amended Complaint filed by Defendants Kevin Hansen, Randy Newell, and Mason County (collectively "Defendants"). Dkt. 29. The Motion is fully briefed and ripe for consideration.

        Upon review, Defendants correctly argue that Plaintiff has failed to state a cognizable claim against Individual Defendants Hansen and Newell. However, their arguments seeking dismissal of Plaintiff's claims against Defendant Mason County are better suited for resolution after the parties have had an opportunity to engage in discovery and to submit evidence. The

REPORT AND RECOMMENDATION - 1

undersigned therefore recommends Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff Rusty Lee Rouse, who is currently incarcerated at Washington Corrections Center, initiated this prisoner civil rights action concerning his pretrial detention at Mason County Jail ("MCJ"). Dkts. 1-1, 8. Following the screening of Plaintiff's *pro se* pleadings and the dismissal of several of his deficient claims, the only claim remaining in this action is Count I of the Second Amended Complaint. Dkt. 8; *see also* Dkts. 4, 10, 14

In Count I, Plaintiff alleges Defendants Bree Borden, Julia Rice, Kevin Hansen, Randy Newell, and Mason County violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by allegedly (1) denying medical support for Plaintiff's opioid withdrawals, (2) denying and/or delaying previously prescribed psychiatric medication, and (3) causing Plaintiff to remain in soiled conditions for several hours while he was incarcerated at MCJ. Dkt. 8 at 5–7. As relief, Plaintiff seeks punitive and compensatory damages in various amounts from each Defendant.[1] *Id.* at 16.

Defendants Kevin Hansen, Randy Newell, and Mason County now move to dismiss Count I of the Second Amended Complaint for failure to state a claim. Dkt. 29.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Because Plaintiff is no longer housed at MCJ, the Court dismissed his request for injunctive relief as moot in a prior Order. Dkt. 14; *see* Dkt. 10 at 12–13.

REPORT AND RECOMMENDATION - 2

(2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001). Furthermore, a *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

To avoid dismissal of a 42 U.S.C. § 1983 claim, a plaintiff must allege that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The operative complaint must include more than conclusory allegations and, instead, put forth specific, plausible facts to support his constitutional claims against each defendant. *See Iqbal*, 556 U.S. at 678–83.

### III.   DISCUSSION

As described above, Plaintiff's claim in Count I of his Second Amended Complaint has three components; these components can be further organized into two categories. Dkt. 8 at 5–7. The first category concerns the provision of inadequate medical care at MCJ and includes Plaintiff's allegations about his unsupported opioid withdrawals and the denial and/or delay in

prescribing his previous psychiatric medications. *See id.* The second category concerns the conditions of his confinement and includes Plaintiff's allegation about being denied access to a shower for several hours after he lost control of his bowels. *See id.* at 5.

Defendants seek dismissal of all aspects of Plaintiff's claim for four reasons. First, they argue Plaintiff has failed to allege personal participation by Defendants Newell and Hansen in any aspect of his claim. Dkt. 29 at 3–4. Defendants' second argument is that Plaintiff is not constitutionally entitled to "his preferred medical treatment" with respect to his opioid withdraws or his psychiatric medication. *Id.* at 4–6. Third, Defendants argue Plaintiff's allegations about being temporarily denied a shower after he soiled himself do not give rise to a cognizable claim. *Id.* at 6–7. Defendants' fourth and final argument is that Defendants Newell and Hansen are entitled to qualified immunity. *Id.* at 7.

As explained in greater detail below, the Court largely agrees with Defendants' first and third arguments. As for Defendants' second argument, the Court finds it is premature and better suited for a later procedural stage after the parties have had the opportunity to engage in discovery and to submit evidence. Finally, because Plaintiff's claims against Defendants Newell and Hansen fail for other reasons, it is unnecessary to address Defendants' fourth argument based on qualified immunity.[2]

---

[2] The Court will, however, address an incorrect statement of law made in support of this argument. Defendants state that Plaintiff's claims for damages must be brought against Defendants in their individual capacities, but, in support, Defendants cite caselaw concerning the unavailability of damages in official capacity suits against *state* employees. Dkt. 29 at 7. As this action involves damages claims against Mason County and its employees, Plaintiff's may seek monetary damages from the Defendants individually and also from the County itself. *See Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)).

REPORT AND RECOMMENDATION - 4

A. **Although Plaintiff Does Not Sufficiently Allege Personal Participation by Defendants Newell and Hansen, his Inadequate Medical Treatment Claim Against Mason County Should Proceed to Discovery**

First, Defendants correctly argue that Plaintiff does not allege Defendants Newell and Hansen were personally involved in decisions surrounding his unsupported opioid withdrawals or the denial of his psychiatric medication. However, liberally construed, Plaintiff has sufficiently attributed the inadequate medical treatment he allegedly received at MCJ to Defendant Mason County. Thus, while his individual capacity claims against Defendants Newell and Hansen should be dismissed, this aspect of his claim against Mason County should proceed.

As a pretrial detainee, Plaintiff's rights to adequate medical care and to humane conditions of confinement are guaranteed by the Fourteenth Amendment, not the Eighth Amendment. *See Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees."); *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) ("Jail officials have a duty to ensure that [pretrial] detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.").

With respect to medical care, "[t]he mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *See Gordon v. Cnty. Of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Rather, to state a claim based on inadequate medical care, a pretrial detainee must plausibly allege: (1) a defendant acted intentionally with respect to the provision of inadequate medical care, (2) the inadequacies in care put the pretrial detainee at substantial risk of suffering serious harm, (3) a reasonable official in the defendant's shoes would have appreciated the substantial risk of harm, (4) the defendant did not take reasonable available measures to abate or mitigate the risk of harm to the detainee, and (5) the defendant's failure to take such measures caused the detainee's harm. *Id.* (citing

REPORT AND RECOMMENDATION - 5

*Castro v. Cnty. Of Los Angeles*, 833 F.3d 1060, 1070–71 (9th Cir. 2016)). A claim of inadequate medical care may be premised on allegations that a defendant denied, delayed, or interfered with the provision of adequate care. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (regarding analogous claims under the Eighth Amendment).

Plaintiff alleges he was denied adequate medical care at MCJ in two ways. First, Plaintiff complains that he was denied medical treatment for his painful opioid withdrawals on at least one occasion at MCJ. Dkt. 8 at 5–7. Second, he alleges he was denied all previously prescribed psychiatric medication during one period of detention at MCJ and was denied some psychiatric medication during a second period of detention at that facility. *Id.* at 6–7. At this early stage, Plaintiff adequately pleads the existence of serious medical needs for which he was allegedly denied medical treatment. *See Jackson v. Blain*, No. CV 20-1932-SVW (KS), 2020 WL 7379139, at *6 (C.D. Cal. Nov. 12, 2020) ("Plaintiff's allegations of chronic pain and extreme symptoms of opioid withdrawal support a reasonable inference that he had a serious medical need."); *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999) (involving denial of previously prescribed psychotropic medication by prison officials).

Nevertheless, to survive the instant Motion, Plaintiff must sufficiently attribute the alleged denial of adequate medical care to a Defendant in this action.

To state a claim against a defendant in their individual capacities, a plaintiff in a § 1983 action must allege facts showing how the individually named defendants caused or personally participated in causing the harm alleged in the operative complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Supervisory personnel cannot be held liable for the actions of their subordinates under a theory of vicarious liability, meaning that supervisors are only liable for their own acts or failures to act. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Similarly, a

county cannot be held liable for official capacity claims under § 1983 simply because it employs someone who violates the law. *Monell*, 436 U.S. at 691–94. Instead, to hold a county liable, a plaintiff must identify a county-level policy, practice, or custom that caused his alleged injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

Starting with his claim against the Individual Defendants, there is no allegation in Plaintiff's Second Amended Complaint that Defendants Hansen and Newell made decisions about his medical care or were otherwise involved in this aspect of his Fourteenth Amendment claim. His allegation that Defendant Newell "knows everything that goes on" at MCJ is not enough to demonstrate this Defendant's direct involvement in violating Plaintiff's constitutional rights. Dkt. 8 at 5. And, given that there is no mention of Defendant Hansen in Count I, it appears Plaintiff is attempting to hold MCJ's chief law enforcement officer liable by virtue of his supervisory position, which is a theory of liability not available in § 1983 actions. As Plaintiff does not plausibly allege Defendants Newell and Hansen personally participated in the denial of adequate medical care, this aspect of Count I should be **DISMISSED** against those Defendants.

As for his claim against Mason County, Plaintiff alleges he experienced withdrawals from opioid abuse upon entry to MCJ. Dkt. 8 at 5. As he tells it, his withdrawals were extremely painful and dangerous, and he was not given any medical support for his opioid withdrawal symptoms. *Id.* Plaintiff alleges that MCJ medical staff (Defendants Julia Rice and Bree Borden) could have administered a suboxone taper to ease his withdrawal symptoms. *Id.* He alleges further that using a suboxone taper to treat severe opioid withdrawals in situations like his was prohibited by a MCJ policy and/or standard practices adopted by Defendant Rice. *Id.* at 5, 7. Liberally construed, these allegations are sufficient to state an official capacity claim against

REPORT AND RECOMMENDATION - 7

Mason County. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1172 (9th Cir. 2021) ("To establish *Monell* liability under § 1983, the constitutional violation must be caused by a municipality's policy, practice, or custom or be ordered by a policy-making official.").

Defendants seek a different result, arguing a difference of opinion between patients and prison medical authorities does not give rise to a § 1983 claim. Dkt. 29 at 5. However, in virtually every case alleging inadequate medical care, the plaintiff will disagree with a decision made about their medical care. It is therefore not the existence of disagreement that prevents a plaintiff from stating a cognizable claim, but rather the absence of any additional facts supporting an inference of inadequate care.

For example, Defendants cite *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337 (9th Cir. 1981) in support of their argument. In that case, the Ninth Circuit did not find a cognizable constitutional claim where the prisoner merely "alleged a difference in medical judgment" after he accused the prison clinic of only taking two rather than twelve x-rays to diagnose his injuries. *Franklin*, 662 F.2d at 1344.

Likewise, in *Estelle* (another case cited by Defendants), a *pro se* plaintiff disagreed with certain diagnostic decisions made by prison doctors, but the Supreme Court found these allegations insufficient to support a claim because the plaintiff was seen numerous times by medical providers and received treatment for his various ailments. *Estelle,* 429 U.S at 107–08. The instant case, which alleges the complete denial of care rather than the denial of a patient's preferred care in the face of otherwise sufficient medical treatment, is distinguishable.

This is not to say Defendants' argument will be found unavailing if, after engaging in discovery, Plaintiff is unable to adduce evidence of inadequate medical care or unable to overcome evidence of otherwise reasonable care. *C.f. Beaver v. King Cnty. Jail*, 155 F. App'x

REPORT AND RECOMMENDATION - 8

263, 264 (9th Cir. 2005) (upholding grant of summary judgment where plaintiff's evidence demonstrated, "at most," that he disagreed with a nurse's "professional judgment regarding medication for his mental health needs"); *Vazquez v. Conanan*, No. 21-16731, 2023 WL 2624782, at *1 (9th Cir. Mar. 23, 2023) (to survive summary judgment, a plaintiff must show more than disagreement with their providers and must instead show their treatment, or lack thereof, "was medically unacceptable under the circumstances"). Rather, this issue is ill-suited for resolution on the current record and requires further factual development.

Accordingly, Plaintiff's inadequate medical care claim against Defendant Mason County should remain in this action until the parties have had an opportunity to engage in discovery and to submit evidence in support of their positions.

B.       **Plaintiff Has Not Stated a Cognizable Conditions of Confinement Claim**

Next, Defendants argue that Plaintiff's allegations regarding his temporary inability to shower or change his clothing do not amount to an unconstitutional condition of confinement. Dkt. 29 at 6–7. The Court agrees.

In assessing the constitutionality of a pretrial detainee's conditions of confinement, the Court considers whether the conditions amount to punishment, meaning that the conditions cause harm that significantly exceeds the typical discomforts of incarceration. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017). "Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth [and Fourteenth] Amendment[s]." *See Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *opinion amended on other grounds*, 75 F.3d 448 (9th Cir. 1995) (collecting prisoner and pretrial detainee cases involving unsanitary and unhygienic conditions for periods ranging from two days to two weeks).

This Court routinely finds conditions of confinement claims to be well-pled where plaintiffs allege they were denied access to proper hygiene for a significant period and without justification. *See*, *e.g.*, *Luyster v. Bishop,* No. 3:18-cv-6022-BHS-TLF, 2020 WL 4059890, at *12–13 (W.D. Wash. Mar. 2, 2020), *report and recommendation adopted*, 2020 WL 4058971 (W.D. Wash. July 20, 2020) (by alleging he was left in a feces-covered cell without soap or other cleaning products for ten days, plaintiff stated a cognizable claim). In contrast, where a pretrial detainee or prisoner complains of being left in an unsanitary state for only a matter of hours, the Ninth Circuit has found that no constitutional violation occurred. *See Anderson*, 45 F.3d at 1312–15 (finding no constitutional violation where pretrial detainees and prisoners were confined in unsanitary safety cells containing "pit toilets" encrusted with feces and urine for periods ranging from one-and-a-half hours to a full night); *see also Wozniak v. Pricardo*, No. 10-cv-2516-PHX-DGC, 2012 WL 79016, at *3 (D. Ariz. Jan. 11, 2012) (finding no constitutional violation where pretrial detainee was left in cell with feces smeared on his shower stall for six hours).

Here, Plaintiff alleges he was denied a shower for less than a day after he involuntarily defecated in his cell and on his clothing. Dkt. 8 at 5. However regrettable, these alleged conditions do not give rise to a standalone constitutional violation. Thus, this aspect of Plaintiff's Fourteenth Amendment claim should be **DISMISSED** against all Defendants.

### IV.     CONCLUSION

For the reasons outlined above, the undersigned recommends Defendants' Motion to Dismiss (Dkt. 29) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, to the extent Count I is based on allegedly unsanitary conditions of confinement, Plaintiff's Fourteenth Amendment claim should be **DISMISSED** against all Defendants for failure to state a claim. However, to the extent this claim is based on the alleged denial of adequate medical care,

Plaintiff's Fourteenth Amendment claim should be **DISMISSED** only as to Defendants Kevin Hansen and Randy Newell for failure to allege personal participation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 11, 2024**, as noted in the caption.

Dated this 26th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge