UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSTY LEE ROUSE,

                              Plaintiff,

        v.

KEVIN HANSEN, *et al.*,

                              Defendants.

CASE NO. 3:24-cv-05068-TL-GJL

REPORT AND RECOMMENDATION

Noting Date: **October 9, 2024**

        The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. Currently before the Court is a Motion to Dismiss the Second Amended Complaint filed by Defendants Bree Borden and Julia Rice (collectively "Medical Defendants"). Dkt. 46. The Court has not received a timely response from Plaintiff. Nevertheless, the instant Motion is now ripe for consideration.

        Upon review, Medical Defendants correctly argue that some aspects of the Second Amended Complaint are insufficient to state a claim for relief. However, not all aspects of the Second Amended Complaint are suited for resolution at this early stage. The undersigned,

1     therefore, recommends the Medical Defendants' Motion to Dismiss be **GRANTED IN PART**

2     and **DENIED IN PART**.

3                **I.**        **BACKGROUND**

4         Plaintiff Rusty Lee Rouse, who is currently incarcerated at Washington Corrections

5     Center, initiated this prisoner civil rights action concerning his pretrial detention at Mason

6     County Jail ("MCJ"). Dkts. 1-1, 8. Following the screening of Plaintiff's *pro se* pleadings and

7     the dismissal of several of his deficient claims, the only claim remaining in this action is Count I

8     of the Second Amended Complaint. Dkt. 8; *see also* Dkts. 4, 10, 14

9         In Count I, Plaintiff alleges Defendants Bree Borden, Julia Rice, Kevin Hansen, Randy

10     Newell, and Mason County violated his rights under the Fourteenth Amendment[1] to the United

11     States Constitution by allegedly (1) denying medical support for Plaintiff's opioid withdrawals,

12     (2) denying and/or delaying previously prescribed psychiatric medication, and (3) causing

13     Plaintiff to remain in soiled conditions for several hours while he was incarcerated at MCJ. Dkt.

14     8 at 5–7. As relief, Plaintiff seeks punitive and compensatory damages in various amounts from

15     each Defendant.[2] *Id.* at 16.

16         Following service of the Second Amended Complaint, Defendants Hansen, Newell, and

17     Mason County (collectively "County Defendants") filed a Motion to Dismiss. Dkt. 29. The

18     County Defendants' Motion was denied in part and granted in part. *See* Dkts. 33, 37.

19     Specifically, the aspects of Plaintiff's claim premised on unsanitary conditions of confinement

20     were dismissed against all County Defendants for failure to state a claim. *Id.* With regard to his

21

22

23

24

---

[1] Though pled as a claim under the Eighth Amendment, this Court has previously explained that Count I may only proceed under the Fourteenth Amendment as it concerns Plaintiff's time in pretrial detention. *See* Dkt. 33 at 5; Dkt. 4 at 6–7.

[2] The Court dismissed his request for injunctive relief as moot in a prior Order. Dkt. 14; *see* Dkt. 10 at 12–13.

medical treatment, Plaintiff's claims were dismissed against Defendants Hansen and Newell only. *Id.* Upon finding that Plaintiff sufficiently pled an official capacity claim of inadequate medical treatment for opioid withdrawals and mental health conditions, he was permitted to proceed to discovery on his claim against Defendant Mason County. *Id.*

Medical Defendants, who were not successfully served until several weeks after the County Defendants, now move to dismiss all claims brought against them in the Second Amended Complaint. Dkt. 46.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, courts accept a plaintiff's well-pleaded factual allegations as true and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001). Furthermore, a *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

1    To avoid dismissal of a 42 U.S.C. § 1983 claim, a plaintiff must allege that he suffered a

2    violation of rights protected by the Constitution or created by federal statute, and that the

3    violation was proximately caused by a person acting under color of state or federal law. *West v.*

4    *Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The

5    operative complaint must include more than conclusory allegations and, instead, put forth

6    specific, plausible facts to support a plaintiff's constitutional claims against each defendant. *See*

7    *Iqbal*, 556 U.S. at 678–83.

8    ### III.    DISCUSSION

9    As described above, Plaintiff's claim in Count I of his Second Amended Complaint has

10    three components. Dkt. 8 at 5–7. First, Plaintiff alleges he received inadequate medical care

11    when he experienced unsupported opioid withdrawals during both periods of confinement at

12    MCJ. *Id.* Second, Plaintiff alleges medical staff at MCJ denied and/or delayed prescribing his

13    previous psychiatric medications during his second period of confinement at MCJ. *Id.* Third,

14    Plaintiff alleges he was denied access to a shower for several hours after he lost control of his

15    bowels during his first unsupported opioid withdrawal. *Id.*

16    Medical Defendants argue Plaintiff has failed to state a claim for inadequate medical

17    treatment based on his opioid withdrawals and mental health conditions. Dkt. 46 at 4–7. In

18    particular, Medical Defendants argue Plaintiff's prior pleadings prevent him from demonstrating

19    their deliberate indifference to his medical needs during opioid withdrawals. *Id.* at 6–7. They

20    next argue Plaintiff has not connected either Medical Defendant to the inadequate mental health

21    treatment or unsanitary conditions of confinement he may have experienced at MCJ. *Id.* at 7–8.

22    The Court will address each argument in turn.

23

24

1    **A.    Plaintiff Sufficiently Alleges Inadequate Treatment for Opioid Withdrawals Against
     Both Medical Defendants but Only Sufficiently Alleges Inadequate Mental Health
2    Treatment Against Medical Defendant Rice**

3          Under the Fourteenth Amendment, "[j]ail officials have a duty to ensure that [pretrial]

4    detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal

5    safety." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018). With respect to medical care,

6    "[t]he mere lack of due care by a state official does not deprive an individual of life, liberty, or

7    property under the Fourteenth Amendment." *See Gordon v. Cnty. Of Orange*, 888 F.3d 1118,

8    1125 (9th Cir. 2018). Rather, to state a claim based on inadequate medical care, a pretrial

9    detainee must plausibly allege: (1) a defendant acted intentionally with respect to the provision

10   of inadequate medical care, (2) the inadequacies in care put the pretrial detainee at substantial

11   risk of suffering serious harm, (3) a reasonable official in the defendant's shoes would have

12   appreciated the substantial risk of harm, (4) the defendant did not take reasonable, available

13   measures to abate or mitigate the risk of harm to the detainee, and (5) the defendant's failure to

14   take such measures caused the detainee's harm. *Id.* (citing *Castro v. Cnty. Of Los Angeles*, 833

15   F.3d 1060, 1070–71 (9th Cir. 2016)). A claim of inadequate medical care may be premised on

16   allegations that a defendant denied, delayed, or interfered with the provision of adequate care.

17   *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (regarding analogous claims under the Eighth

18   Amendment).

19          Plaintiff alleges he was denied adequate medical care at MCJ in two ways. First, Plaintiff

20   complains that he was denied medical treatment for his painful opioid withdrawals on at least

21   one occasion at MCJ. Dkt. 8 at 5–7. Second, he alleges he was denied all previously prescribed

22   psychiatric medication during one period of detention at MCJ and was denied some psychiatric

23   medication during a second period of detention at that facility. *Id.* at 6–7. At this early stage,

24   Plaintiff adequately pleads the existence of serious medical needs for which he was allegedly

denied medical treatment. *See Jackson v. Blain*, No. CV 20-1932-SVW (KS), 2020 WL 7379139, at *6 (C.D. Cal. Nov. 12, 2020) ("Plaintiff's allegations of chronic pain and extreme symptoms of opioid withdrawal support a reasonable inference that he had a serious medical need."); *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999) (involving denial of previously prescribed psychotropic medication by prison officials).

Nevertheless, to survive the instant Motion, Plaintiff must sufficiently attribute the alleged denial of adequate medical care to a Defendant in this action. To state a claim against a defendant in their individual capacities, a plaintiff in a § 1983 action must allege facts showing how the individually named defendants caused or personally participated in causing the harm alleged in the operative complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Supervisory personnel cannot be held liable for the actions of their subordinates under a theory of vicarious liability, meaning that supervisors are only liable for their own acts or failures to act. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Starting with the allegations concerning opioid withdrawals, Plaintiff alleges he twice experienced withdrawals from opioid abuse upon entry to MCJ. Dkt. 8 at 5. As he tells it, his withdrawals were extremely painful and dangerous, and he was not given any medical support for his opioid withdrawal symptoms. *Id.* Plaintiff alleges both Medical Defendants could have administered a suboxone taper to ease his withdrawal symptoms. *Id.* He further alleges both Medical Defendants were aware of his high blood pressure but did not provide treatment. *Id.* These allegations are sufficient to state an inadequate medical treatment claim against both Medical Defendants.

As for the allegedly inadequate mental health treatment, Plaintiff states Medical Defendant Rice was responsible for withholding his psychiatric medication and, because she or

1    one of her partners previously prescribed that medication for Plaintiff, she was allegedly aware

2    of his need for it. Dkt. 8 at 7. In contrast, Plaintiff does not allege that Medical Defendant Borden

3    was in anyway involved in his mental health treatment. Thus, Plaintiff sufficiently alleges

4    Medical Defendant Rice provided inadequate mental health treatment but fails to do so with

5    respect to Medical Defendant Borden.

6            Urging a different result, Medical Defendants first argue that both aspects of Plaintiff's

7    medical treatment claim fail because his claims rest solely on a difference of opinion between

8    himself and medical professionals. Dkt. 46 at 6. However, a similar argument was considered

9    and rejected in the June 26, 2024 Report and Recommendation. Dkt. 33 at 7–9. The version

10   presented in the instant Motion fares no better and is similarly "ill-suited for resolution on the

11   current record and requires further factual development." *Id.* at 9.

12           Next, Medical Defendants argue that allegations in his prior pleadings prevent Plaintiff

13   from stating an inadequate medical treatment claim based on his opioid withdrawals. To support

14   this argument, Medical Defendants first point to the following allegations in the nonoperative

15   Amended Complaint:

16           I was on subox[one] for opioid treatment and was cold turkeyed upon arrival at
             MCJ. **I believe** it was due to meth in my [uranalysis] that I took upon arrival. **I**
17           **believe but [am] not sure** that they have a policy if you have other drugs in your
             system you are removed from subox[one].

18   Dkt. 6 at 5 (emphasis added); *see* Dkt. 46 at 7. As an initial matter, Medical Defendants identify

19   no authority permitting the dismissal of a claim based on allegations in a nonoperative

20   complaint.[3] Even if found in the Second Amended Complaint, however, these thin allegations

21

22

23   _____
     [3] Use of prior pleadings to supplement an operative complaint "is precluded by the well-established doctrine that an
     amended pleading supersedes the original pleading." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)
24   (explaining that original pleadings perform no function once an amended pleading is filed and are "treated thereafter
     as non-existent").

cannot bear the weight Medical Defendants would place on them. Medical Defendants seemingly contend that any alleged decision to withhold treatment was based on a MCJ policy designed to protect pretrial detainees from dangerous drug interactions during their withdrawals. Dkt. 46 at 6–7. But the current record lacks any evidence or clear allegation showing such a policy exists or that acting pursuant to such a policy would be medically reasonable under the circumstances presented in this case. As such, these first allegations are not grounds for dismissing Plaintiff's inadequate medical needs claim.

Medical Defendants next point to allegations in the nonoperative Initial Complaint that Plaintiff was "given juice packs" and "told to drink lots of water" during one of his opioid withdrawals and, at some point, he was given blood pressure medication by an unspecified nurse at MCJ. Dkt. 1-1 at 7; *see* Dkt. 46 at 6. Again, Medical Defendants have failed to demonstrate that a claim may properly be dismissed based on allegations found only in nonoperative pleadings. Moreover, given the current record and stage of the proceedings, it would be improper to conclude that providing water and juice packs and, later, blood pressure medication, qualify as sufficient medical treatment for an individual experiencing painful opioid withdrawals. Thus, even if there was an operative allegation that unspecified medical staff took steps to ensure Plaintiff was hydrated during his opioid withdrawals and eventually provided some treatment for his high blood pressure, this would not automatically prevent Plaintiff from stating a cognizable claim against the Medical Defendants. Instead, whether the Medical Defendants took reasonable and available steps to abate or mitigate Plaintiff's alleged risk of harm requires further factual development.

Accordingly, the undersigned recommends Plaintiff be permitted to proceed to discovery on whether both Medical Defendants provided inadequate treatment for his opioid withdrawals

1  and whether Medical Defendant Rice provided inadequate mental health treatment. However, to

2  the extent Plaintiff alleges Medical Defendant Borden provided inadequate mental health

3  treatment, Count I should be **DISMISSED** for failure to demonstrate her personal participation.

4  **B.    Plaintiff's Unsanitary Conditions of Confinement Claim Fails as a Matter of Law**

5          Medical Defendants' final argument is that Plaintiff has not sufficiently alleged their

6  personal participation in denying him access to a shower after he soiled himself during his first

7  opioid withdrawal at MCJ. Dkt. 46 at 7–8. For the same reasons addressed in the June 26, 2024

8  Report and Recommendation, the Court agrees and finds that Plaintiff has not stated a viable

9  conditions-of-confinement claim against any Defendant. *See* Dkt. 33 at 9–10. Thus, to the extent

10 Count I is premised on unsanitary conditions of confinement, it should be **DISMISSED** against

11 both Medical Defendants.

12                          **IV.    CONCLUSION**

13         For the reasons outlined above, the undersigned recommends Defendants' Motion to

14 Dismiss (Dkt. 46) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, to the extent

15 Count I is based on allegedly unsanitary conditions of confinement, Plaintiff's Fourteenth

16 Amendment claim should be **DISMISSED** for failure to state a claim against either Medical

17 Defendant. To the extent Count I is based on inadequate mental health treatment, Plaintiff's

18 Fourteenth Amendment claim should be **DISMISSED** only as to Medical Defendant Borden for

19 failure to allege personal participation. All other aspects of Count I should proceed to discovery.[4]

20         Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

21 shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

22

23 _____
[4] If this recommendation is adopted, the following aspects of Count I will proceed to discovery: (1) Inadequate
Medical Treatment for Opioid Withdrawals by Defendants Rice, Borden, and Mason County and (2) Inadequate
24 Mental Health Treatment by Defendants Rice and Mason County.

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 9, 2024**, as noted in the caption.

Dated this 24th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10