UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSTY LEE ROUSE,<br><br>   Plaintiff,<br>   v.<br><br>MASON COUNTY, *et al.*,<br><br>   Defendants. | CASE NO. 3:24-cv-05068-TL-GJL<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER LCR 41(B) AND STAYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Rusty Lee Rouse, proceeding *pro se* and *in forma pauperis*, initiated this action on January 22, 2024. Dkt. 1, 5. Six months later, mail addressed to Plaintiff at the Washington Correction Center ("WCC") was returned as undeliverable and the Court was informed that he was released from WCC to community custody. Dkt. 38. While the Court received a potential mailing address for Plaintiff through other means, Plaintiff has not provided the Court with an updated address since his release in July 2024, or otherwise participated in this case since May 2024. *Id.*; Dkt. 25 (Plaintiff's last filing received May 9, 2024).

Therefore, Plaintiff must **SHOW CAUSE** not later than **July 3, 2025**, why this action should not be **DISMISSED** for failure to prosecute in accordance with Rule 41(b) of this Court's

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER LCR 41(B) AND STAYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 1

Local Rules. In addition, Defendants' Motions for Summary Judgment (Dkts. 52, 57) are hereby **STAYED** until after the matters addressed in this Show Cause Order are resolved.

## I.    DISCUSSION

Under this Court's Local Rules, it is the obligation of any party proceeding *pro se* to "keep the court and opposing parties advised as to his or her current mailing address." Local Rules W.D. Wash. LCR 41(b). If a *pro se* plaintiff "fails to notify the court and opposing parties within 60 days" of the date mail addressed to the plaintiff is returned as undeliverable, then the Court "may dismiss the action without prejudice for failure to prosecute." *Id.*

On July 17, 2024, mail addressed to Plaintiff at WCC was returned as undeliverable, and staff at that facility informed the Court that Plaintiff was released to community custody. Dkt. 39. That same day, Plaintiff's Community Custody Officer ("CCO") provided the Court with a potential mailing address for Plaintiff. *Id.* The Clerk of Court then updated Plaintiff's address on the docket and resent the undeliverable mail—and all subsequent mail—to the address provided by Plaintiff's CCO. *See docket*.

No further mail addressed to Plaintiff has been returned to the Court as undeliverable. *Id.* Nevertheless, Plaintiff's last filing in this case was received on May 9, 2024, and he has not responded to any motion or otherwise participated in this action since his release. *See* Dkt. 25. In particular, Plaintiff has not responded to the following dispositive motions filed by Defendants:

- Mason County Defendants' Second Motion to Dismiss. Dkt. 29 (filed May 14, 2024, response deadline June 4, 2024)

- Medical Defendants' Motion to Dismiss. Dkt. 46 (filed August 23, 2024, response deadline September 13, 2024)

- Defendant Mason County's Motion for Summary Judgment. Dkt. 52 (filed May 7, 2025, response deadline May 28, 2025)

- Medical Defendants' Motion for Summary Judgment. Dkt. 57 (filed May 7, 2025, response deadline May 28, 2025)

1   In addition to Plaintiff's lack of docket activity and failure to respond to the above Motions,

2   Defendant Mason County represents that Plaintiff has not participated in discovery. Dkt. 52 at 4.

3         In light of these circumstances, the Court finds that Plaintiff has not upheld his Rule

4   41(b) obligation to advise the Court and Defendants of his current mailing address. As Plaintiff's

5   failure to do so may warrant dismissal of this action for failure to prosecute, the Court concludes

6   that a brief stay of Defendants' Motions for Summary Judgment will promote "the orderly course

7   of justice" in this case and will not cause hardship, damage, or inequity on any party. *Lockyer v.*

8   *Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265,

9   268 (9th Cir. 1962)).

## II.  CONCLUSION

11        For the reasons set forth above, Plaintiff is **ORDERED** to **SHOW CAUSE** not later than

12  **July 3, 2025**, why this action should not be **DISMISSED** for failure to prosecute in accordance

13  with Rule 41(b) of this Court's Local Rules. Failure to respond and sufficiently address the

14  matters raised in this Show Cause Order by the stated deadline **WILL** result in a

15  recommendation that this action be **DISMISSED**.

16        Further, Defendants' Motions for Summary Judgment (Dkts. 52, 57) are hereby

17  **STAYED** until after the matters addressed in this Show Cause Order are fully resolved. If

18  //

19  //

20  //

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER LCR 41(B) AND STAYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 3

necessary, the Court will issue a separate order reestablishing the briefing schedule and noting dates for Defendants' Motions.

Dated this 3rd day of June, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER LCR 41(B) AND STAYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 4