UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSTY LEE ROUSE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>MASON COUNTY, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-cv-05068-TL-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **July 28, 2025** |

This 42 U.S.C. § 1983 prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. This matter is before the Court for review after Plaintiff Rusty Lee Rouse failed to timely respond to the Court's Show Cause Order and otherwise prosecute this action. *See* Dkt. 62.

Specifically, Plaintiff failed to show cause why this action should not be dismissed in accordance with Rule 41(b) of this Court's Local Rules, which requires litigants to appraise the Court and opposing counsel of their current mailing address. As Plaintiff has failed to do so and has not participated in this case for over a year, the undersigned recommends this action be **DISMISSED without prejudice** for failure to prosecute.

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff initiated this action in January 2024, challenging various conditions of his pretrial detention at Mason County Jail. Dkts. 1, 1-1. At that time, Plaintiff was serving a state sentence of confinement at the Washington Correction Center ("WCC").

On July 17, 2024, mail addressed to Plaintiff at WCC was returned to the Court as undeliverable in light of Plaintiff's release to community custody. Dkt. 39. That same day, Plaintiff's Community Custody Officer ("CCO") provided the Court with a potential mailing address for Plaintiff. *Id.* The Clerk of Court then updated Plaintiff's address on the docket and resent the undeliverable mail—and all subsequent mail—to the address provided by Plaintiff's CCO. For the next eleven months, no further mail addressed to Plaintiff was returned to the Court as undeliverable. *See docket*.

Plaintiff's last filing was received on May 9, 2024, and he has not responded to any motion or otherwise participated in this action since his release. *See* Dkt. 25. In particular, Plaintiff has not responded to the following dispositive motions filed by Defendants:

- Mason County Defendants' Second Motion to Dismiss. Dkt. 29 (filed May 14, 2024, response deadline June 4, 2024)

- Medical Defendants' Motion to Dismiss. Dkt. 46 (filed August 23, 2024, response deadline September 13, 2024)

- Defendant Mason County's Motion for Summary Judgment. Dkt. 52 (filed May 7, 2025, response deadline May 28, 2025)

- Medical Defendants' Motion for Summary Judgment. Dkt. 57 (filed May 7, 2025, response deadline May 28, 2025)

On June 3, 2025, the Court concluded that Plaintiff had not upheld his obligation to appraise the Court and Defendants of his current mailing address and ordered him to show cause why this action should not be dismissed for failure to prosecute in accordance with Rule 41(b) of

REPORT AND RECOMMENDATION - 2

this Court's Local Rules. Dkt. 62. The Court also stayed disposition of the Defendants' Motions for Summary Judgment (Dkts. 52, 57) until after the matters addressed in the Show Cause Order were resolved. *Id.* The Court's Show Cause Order was returned as undeliverable on June 11, 2025. Dkt. 63. Additionally, the show cause deadline expired on July 3, 2025, with no response received from Plaintiff. *See docket*.

## II.  DISCUSSION

Under this Court's Local Rules, it is the obligation of any party proceeding *pro se* to "keep the court and opposing parties advised as to his or her current mailing address." Local Rules W.D. Wash. LCR 41(b). If a *pro se* plaintiff "fails to notify the court and opposing parties within 60 days" of the date mail addressed to the plaintiff is returned as undeliverable, then the Court "may dismiss the action without prejudice for failure to prosecute." *Id.*; *see also Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (affirming dismissal for failure to prosecute pursuant to LCR 42(b)).

Before dismissing an action for failure to prosecute, the Court considers the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Examining the key factors here, Plaintiff has not participated in this action for over a year and, without a current mailing address on record, he cannot be contacted. Under such circumstances, dismissal without prejudice is the least severe sanction available. *Cf. Leonard v.*

REPORT AND RECOMMENDATION - 3

*Arnold*, No. 3:25-CV-05325-TSZ-TLF, 2025 WL 1870827, at *1 (W.D. Wash. June 11, 2025) (finding dismissal with prejudice was an "unnecessarily harsh" sanction where *pro se* litigant failed to prosecute case).

As for risk posed to Defendants, they have actively participated in this case by filing motions and submitting evidence in defense of the claims against them. *See docket.* As a result, Defendants face some risk of prejudice if Plaintiff refiles his claims in a new action. However, this risk is outweighed by the due process concerns posed by an adjudication on the merits where the Court cannot ensure Plaintiff has received notice and an opportunity to be heard. *See generally Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Accordingly, the Court concludes dismissal without prejudice is warranted, as it appropriately balances the Court's obligation to manage its docket and to ensure fair notice with the minimal risk of prejudice posed to Defendants and the unavailability of less drastic alternative sanctions for Plaintiff.

### III.   CONCLUSION

For the reasons set forth above, the undersigned recommends that this action be **DISMISSED without prejudice** in light of Plaintiff's failure to prosecute and in accordance with Rule 41(b) of this Court's Local Rules. It is further recommended that Defendants' Motions for Summary Judgment (Dkts. 52, 57) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

*de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 28, 2025**, as noted in the caption.

Dated this 11th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5